JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE LARIOS,<br><br>    Plaintiff,<br><br> v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>    Defendant. | No. 2:25-cv-05095-AJR<br><br>**MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (DKT. 10)** |

I.

INTRODUCTION

On April 1, 2025, Plaintiff Arlene Larios ("Plaintiff") filed a Complaint alleging violations of the Song-Beverly Consumer Warranty Act (the "Complaint") in the Los Angeles County Superior Court against Defendant Nissan North America, Inc. ("Defendant"). (Dkt. 6-2.) On April 4, 2025, Plaintiff effectuated service of the Complaint on Defendant. (Dkt. 10-4.) On May 9, 2025, Defendant filed an Answer in the Los Angeles County Superior Court. (Dkt. 6-3.) On June 4, 2025, Defendant filed a Notice of Removal of the action to the U.S. District Court for the Central District of California (the "Notice of Removal"). (Dkt. 1.) On June 10, 2025, Defendant filed an Amended Notice of Removal (the "Amended Notice of

Removal") to correct deficiencies in the initial Notice of Removal.[1]  (Dkt. 6.)

On July 7, 2025, Plaintiff filed a Motion to Remand (the "Motion to Remand") this action to the Los Angeles County Superior Court. (Dkt. 10.) On July 21, 2025, Defendant filed an Opposition (the "Opposition"). (Dkt. 14.) On July 25, 2025, Plaintiff filed a Reply to the Opposition (the "Reply"). (Dkt. 15.)

The parties have consented to the jurisdiction of the undersigned U.S. Magistrate Judge. (Dkt. 7.) For the reasons stated below, the Court GRANTS Plaintiff's Motion to Remand and ORDERS this action REMANDED to the Los Angeles County Superior Court. (Dkt. 10.)

## II.
## LEGAL STANDARD

Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original subject matter jurisdiction where an action presents either a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Generally, a court has diversity jurisdiction only when there is complete diversity of citizenship among adverse parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Remand to state court may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. See 28 U.S.C. § 1447(c).

To protect the jurisdiction of state courts, removal jurisdiction is strictly

---

[1] The initial Notice of Removal had the wrong complaint attached as an exhibit. (Dkt. 1-2.)

construed in favor of remand. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005); see also Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) ("It is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." (internal quotation marks and brackets omitted)). If there is any doubt as to whether removal is proper, remand must be ordered. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). "The party seeking removal bears the burden of establishing federal jurisdiction." Id.

### III.
### RELEVANT ALLEGATIONS IN THE COMPLAINT

Plaintiff's Complaint alleges three causes of action under the Song-Beverly Consumer Warranty Act, California Civil Code §§ 1791, *et seq.*, arising out of her May 12, 2023 purchase of a 2023 Nissan Rogue. (Dkt. 10-3 at 2-4.) Specifically, Plaintiff alleges causes of action for breach of express warranty, breach of implied warranty, and violation of Section 17932.(b). (Id. at 5-8.) Plaintiff alleges that she is a citizen of the State of California. (Id. at 3.) Plaintiff further alleges that Defendant is a Delaware corporation. (Id.)

Plaintiff alleges that her vehicle, "as reflected in the sales contract, has an approximate value of $50,895.00." (Id. at 4.) Plaintiff alleges that she "first presented the Subject Vehicle for repairs in December 2023, with approximately 6,780 miles on the odometer, and reported the 'Check Engine' light illuminating on the instrument cluster." (Id.) Plaintiff further alleges that "the Subject Vehicle lost power and exhibited a rough idle." (Id.) Plaintiff alleges that she next presented her vehicle for repairs "[i]n December 2024, with approximately 19,997 miles on the odometer," and "reported the 'Check Engine' light reputedly illuminating." (Id.) Plaintiff further alleges that her vehicle lost power when accelerating and stalled.

(Id.)

Plaintiff seeks general, special, actual, incidental, and consequential damages. (Id. at 9.) Plaintiff alleges that Defendant's conduct was willful and therefore seeks civil penalties of up to two times the amount of actual damages. (Id. at 6-9.) Finally, Plaintiff seeks attorneys' fees and costs. (Id. at 9.)

## IV.
## DEFENDANT'S NOTICE OF REMOVAL

Defendant removed the action based on diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. 1 at 2-3.) Defendant points to the allegation in the Complaint that Plaintiff is a citizen of California. (Id. at 3.) Defendant further states that it is a Delaware corporation with its principal place of business in Tennessee, and therefore is a citizen of both Delaware and Tennessee for purposes of jurisdiction. (Id.)

With regard to the amount in controversy, Defendant points to the language in the Complaint seeking consequential and incidental damages, as well as civil penalties up to two times Plaintiff's actual damages, and attorneys' fees. (Id.) Defendant explains that under the Song-Beverly Consumer Warranty Act, a plaintiff's actual damages for breach of warranty are an amount equal to the actual price paid or payable by the buyer less applicable offsets. (Id. (citing Cal. Civ. Code §§ 1793.2(d)(2)(B), 1794(b)).) Defendant points to Plaintiff's allegation in the Complaint that the approximate value of the subject 2023 Nissan Rogue, as reflected in the sales contract, is $50,895.00. (Id. at 4.) Defendant states that its preliminary investigation estimated $1,856.63 in total deductions including estimates of mileage offset, negative equity, and manufacturer's rebate. (Id.) Thus, Defendant contends that its preliminary investigation "yield[ed] a plausible estimate of actual damages of $49,038.37." (Id.)

Defendant states that its "preliminary investigation into the vehicle repair

4

history and related case history revealed that Plaintiff is more likely than not to actually seek civil penalties in this matter, and it would thus be reasonable to include a meaningful amount for civil penalties, tied to the actual damages calculated." (Id.) Defendant further states that based on its "prior experience in similar matters, a reasonable estimate of Plaintiff's attorney's fees accumulated up to this point in litigation is $5,000.00." (Id. at 5.) Additionally, Defendant's "assessment is that this case is not likely to resolve, conservatively including fees from work up for even just 6 months post-removal, it would be reasonable to include at least a further $10,000.00 in fees." (Id.) "Considering the combination of actual damages, civil penalties, past, and conservatively calculated future attorney fees," Defendant contends that "the amount in controversy meaningfully exceeds $75,000." (Id.)

## V.
## DISCUSSION

The parties agree that diversity jurisdiction exists because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. (Dkt. 10 at 2; Dkt. 6 at 2-3.) Plaintiff simply contends that Defendant waited too long to file the initial Notice of Removal. (Dkt. 10 at 6.) Specifically, Plaintiff contends that the basis for removal was sufficiently clear from the face of the Complaint and therefore Defendant was required to remove the action no later than 30 days from service of the Complaint on April 4, 2025. (Id. at 9-10.) By contrast, Defendant contends that the amount in controversy was not sufficiently clear from the face of the Complaint and therefore Defendant had no duty to remove the action. (Dkt. 14 at 13-14; Dkt. 6 at 7-9.) Thus, the resolution of Plaintiff's Motion to Remand turns on whether the amount in controversy was sufficiently clear from the face of the Complaint. For the reasons set forth below, the Court concludes that the amount in controversy was sufficiently clear from the face of the Complaint and therefore Defendant was required to remove this action no later than 30 days after service of the Complaint

on April 4, 2025. Because Defendant did not remove this action until June 4, 2025, the removal was untimely.

### A. The "Unequivocally Clear And Certain" Test Does Not Apply To Removal Based On An Initial Complaint.

The Ninth Circuit has explained that there are three pathways for removal of an action from state court based on diversity jurisdiction. See Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1124 (9th Cir. 2013). The first two pathways are contained in 28 U.S.C. § 1446(b) and impose 30-day deadlines for removal. See Dietrich v. Boeing Co., 14 F.4th 1089, 1093 (9th Cir. 2021). The third pathway is based on reading 28 U.S.C. § 1446 together with 28 U.S.C. § 1441 and permits removal up to one year from the filing of the complaint, but this pathway only applies if the first two do not. See Roth, 720 F.3d at 1125-26.

The first pathway is set forth by Section 1446(b)(1) and states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1) (emphasis added). The second pathway is set forth by Section 1446(b)(3) and states in relevant part that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added).

The third pathway is based on the interaction of Section 1446 with Section 1441. See Roth, 720 F.3d at 1125. Section 1441(a) states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State

court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  The Ninth Circuit has explained "that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." Roth, 720 F.3d at 1125.  Thus, "a defendant who has not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation, that a case is removable." Id. at 1123.  The only time limit on removal under this third pathway is that a defendant must file the notice of removal within one year of the filing of the complaint. Id. at 1126 (citing 28 U.S.C. § 1446(c)(1) for the one-year time limit).

      Here, Defendant removed the action pursuant to the third pathway set forth above after conducting "a preliminary investigation [which] determined that Plaintiff's citizenship and the reasonable, non-speculative estimation of the amount in controversy placed at issue through Plaintiff's allegations plausibly give rise to subject matter jurisdiction." (Dkt. 1 at 2.)  Defendant contends that it timely removed the action because neither of the 30-day deadlines for removal were triggered and it ultimately removed the action less than one year after the filing of the Complaint. (Id. at 5-9.)  By contrast, Plaintiff contends that Defendant's removal was untimely because service of the Complaint on April 4, 2025 triggered the 30-day deadline to remove the action under the first pathway, 28 U.S.C. § 1446(b)(1). (Dkt. 10 at 9-10.)

      Defendant relies on the Ninth Circuit's opinion in Dietrich for the proposition that "a complaint (or other paper) only triggers the duty to remove if the document itself" sets forth the basis for removal in a manner that is "'unequivocally clear and certain.'" (Dkt. 14 at 13 (quoting Dietrich, 14 F.4th at 1091).)  However, in

7

Dietrich, the Ninth Circuit specifically differentiated between the first pathway for removal under Section 1446(b)(1) and the second pathway for removal under Section 1446(b)(3). See Dietrich, 14 F.4th at 1093. As explained in Dietrich, Section 1446(b)(1) "requires only a pleading that 'set[s] forth' a ground for removal to start the removal clock under the first pathway." Id. By contrast, "§ 1446(b)(3)'s second pathway requires an amended pleading, motion, order, or other paper from which a ground for removal may be 'ascertained.'" Id. The Ninth Circuit explained that "[s]et forth means only to give an account or statement of," whereas "[a]scertain means to find out or learn with certainty." Id. (internal quotation marks omitted and emphasis in original). Therefore, the Ninth Circuit concluded that the requirement under the second pathway for the basis for removal to be ascertained requires a greater level of certainty than the requirement for the basis for removal to be set forth in the initial complaint under the first pathway. Id. Ultimately, the Ninth Circuit adopted the "unequivocally clear and certain" test from the Fifth and Tenth Circuits for the second pathway under Section 1446(b)(3). See id. at 1094 ("We believe the 'unequivocally clear and certain' test hews to the text of § 1446(b)(3).").

Thus, the Court concludes that the "unequivocally clear and certain" test only applies to the second pathway under Section 1446(b)(3). See Givens v. Lawson, 2022 WL 4586250, at *2 (D. Or. Aug. 30, 2022) ("Dietrich's 'unequivocally clear and certain' standard only applies to the second pathway under section 1446(b)(3)."), report and recommendation adopted, 2022 WL 4551533 (D. Or. Sept. 27, 2022). Here, however, Plaintiff contends that the facts alleged on the face of the Complaint were sufficient to trigger the 30-day deadline under the first pathway. (Dkt. 10 at 10.) Plaintiff does not contend that the 30-day deadline under the second pathway was triggered by service of an amended pleading, motion, order or other paper. (Id.) Therefore, the Court will analyze whether the Complaint set forth the grounds for removal such that the 30-day deadline under Section 1446(b)(1) was triggered. See Perry v. Ford Motor Co., 2024 WL 3879142, at *3 (C.D. Cal. Aug.

8

20, 2024) ("The lower standard of § 1446(b)(1), which requires only that the initial pleading 'set forth' ground for removal, therefore applies here.").

### B. The Grounds For Removal Were "Set Forth" On The Face Of Plaintiff's Complaint.

As set forth above, the Complaint clearly alleges complete diversity of citizenship. (Dkt. 10-3 at 3.) Therefore, the only question is whether the Complaint sufficiently alleges that the amount in controversy exceeds $75,000. As also set forth above, the Complaint alleges that Plaintiff's 2023 Nissan Rogue, "as reflected in the sales contract, has an approximate value of $50,895.00." (Id. at 4.) The Complaint also alleges entitlement to civil penalties of up to two times the amount of actual damages, as well as attorneys' fees and costs. (Id. at 6-9.) The Ninth Circuit has held that the first pathway under Section 1446(b)(1) "requires a defendant to apply a reasonable amount of intelligence in ascertaining removability." Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013) (internal quotation marks omitted).[2] "Multiplying figures clearly stated in a complaint is an aspect of that duty." Id.

Defendant need only perform simple calculations to determine that the amount in controversy set forth in the Complaint exceeds $75,000. For example, adding the purchase price of $50,895 to the requested civil penalties of two times actual damages (2 x $50,895 = $101,790) is $152,685. Thus, the Court concludes that the factual basis for diversity jurisdiction was set forth on the face of Plaintiff's

---

[2] In Kuxhausen, the Ninth Circuit held that the amount in controversy for removal under the Class Action Fairness Act was not sufficiently clear from the face of the complaint because the complaint did not allege the value of the other class members' vehicle financing contracts, and instead, alleged only the value of the named class representative's vehicle financing contract. See Kuxhausen, 707 F.3d at 1140. By contrast here, Plaintiff's Complaint alleges that Plaintiff's 2023 Nissan Rogue, "as reflected in the sales contract, has an approximate value of $50,895.00." (Dkt. 10-3 at 4.) Thus, Plaintiff's Complaint is not missing the kind of information that was needed to determine the amount in controversy in Kuxhausen.

Complaint. See Perry, 2024 WL 3879142, at *3 ("Ford only needed to do simple multiplication based on the Complaint to determine the amount in controversy exceeded $75,000. Indeed, in the Notice of Removal, Ford bases its calculations of the amount in controversy on the purchase price of the Subject Vehicle ($45,649.20) and Perry's prayer for two times civil damages, for a total of amount in controversy of almost $137,000.").[3]

Defendant contends that the amount in controversy alleged in the Complaint was not sufficiently clear because the Complaint did not allege the applicable statutory offsets to damages under the Song-Beverly Consumer Warranty Act. (Dkt. 14 at 14-17.) Specifically, California Civil Code § 1793.2(d)(2)(B)-(C) requires a deduction from the purchase price of the subject vehicle for the value "directly attributable to use by the buyer." This offset is calculated by taking the number of miles driven before the first repair attempt for the alleged defect divided by 120,000 and multiplying that figure by the purchase price of the vehicle. Cal. Civ. Code § 1793.2(d)(2)(B). Additionally, because this case was filed after January 1, 2025 and Defendant opted into AB1755, (Dkt. 14 at 15), Defendant is entitled to additional offsets for negative equity incorporated into the transaction from prior vehicles, Cal. Code Civ. Proc. § 871.27(c), any manufacturers' rebate, Cal. Code Civ. Proc. § 871.27(d), and any optional equipment, service contract, or GAP financing purchased by Plaintiff during the vehicle purchase transaction from third parties. Cal. Code Civ. Proc. § 871.27(b).

As a general rule, the amount in controversy calculation does not take into account affirmative defenses, counterclaims, or potential offsets. See, e.g., St. Paul

---

[3] Defendant contends that the 30-day deadline under the first pathway was not triggered because "the Complaint is indeterminate as to the amount in controversy." (Dkt. 14 at 14.) However, this argument relies on the "unequivocally clear and certain" test from Dietrich that only applies to the second pathway, as explained above.

10

Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) ("[T]he fact that the complaint discloses the existence of a valid defense to the claim" cannot be grounds for showing failure to meet the amount-in-controversy threshold.); Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1108 (9th Cir. 2010) ("This rule makes sense; just because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense."). However, in the specific context of the Song-Beverly Consumer Warranty Act, the Ninth Circuit held in an unpublished decision that the statutory offsets must be considered in determining the amount in controversy. See Schneider v. Ford Motor Co., 756 F. App'x 699, 701 n.3 (9th Cir. 2018) ("We have recognized that an estimate of the amount in controversy must be reduced if a specific rule of law or measure of damages limits the amount of damages recoverable." (internal quotation marks omitted)).

   In Schneider, the Ninth Circuit reversed the district court's order remanding a putative class action alleging violations of the Song-Beverly Consumer Warranty Act where the defendant removed the action under the Class Action Fairness Act. See Schneider, 756 F. App'x at 700. Even though the defendant's estimate of the amount in controversy did not account for the statutory use offset, the Ninth Circuit found it "reasonable to assume that the [subject vehicles] did not lose nearly all of their value after a few years of use." Id. at 701. Therefore, the Ninth Circuit concluded that although the use offset would reduce the amount in controversy, the reduction would not be so substantial that the amount in controversy would fall below the jurisdictional minimum.[4] Id.

---

[4] The Ninth Circuit also held that the district court should not have applied the preponderance of the evidence standard to the defendant's allegation of the amount in controversy set forth in the notice of removal. See Schneider, 756 F. App'x at 700. The Ninth Circuit explained that the preponderance of the evidence standard only applies after the defendant's removal allegations have been questioned and the (cont'd . . .)

By contrast here, the Complaint actually does allege the facts necessary to calculate the statutory use offset. Indeed, the Complaint alleges that "Plaintiff first presented the Subject Vehicle for repairs in December 2023, with approximately 6,780 miles on the odometer." (Dkt. 10-3 at 4.) Therefore, the Complaint alleges the number of miles driven before the first repair attempt for the alleged defect, which is the only information needed to calculate the use offset. See Cal. Civ. Code § 1793.2(d)(2)(B). Although the Complaint does not contain the information needed to calculate the other statutory offsets such as negative equity or manufacturer's rebate, it is reasonable to assume that these remaining potential offsets would not reduce Plaintiff's actual damages (based on a vehicle purchased on May 12, 2023 for $50,895) so substantially that the amount in controversy would fall below the jurisdictional minimum. See Schneider, 756 F. App'x at 701; accord De Vidal v. Ford Motor Co., 2022 WL 17093070, at *3 (C.D. Cal. Nov. 21, 2022) ("Although the court cannot account for a potential use offset, it does not mean Defendant's evidentiary showing of amount in controversy is insufficient."); Park v. Jaguar Land Rover N. Am., LLC, 2020 WL 3567275, at *5 (S.D. Cal. July 1, 2020) (noting that plaintiff had only used the car for less than a year, so it was reasonable to assume any offset would not be large enough to lower the amount in controversy below the jurisdictional threshold); Wickstrum v. FCA USA LLC, 2021 WL 532257, at *3 (S.D. Cal. Feb. 12, 2021) ("For the mileage offset to reduce the amount below the required threshold, Plaintiff would have had to drive more than 60,000 miles in less than two years."). Indeed, Defendant's preliminary investigation estimated only $1,856.63 in total deductions including estimates of use

---

defendant has been allowed to submit evidence. Id. at 700-01. Instead, the Ninth Circuit explained that "a notice of removal must include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Id. at 700 (internal quotation marks omitted). The Ninth Circuit ultimately held that the defendant had met its burden to establish the amount in controversy even applying the more stringent preponderance of the evidence standard. See id. at 701-02.

offset, negative equity, and manufacturers rebate. (Dkt. 1 at 4.)

Because the vehicle at issue in this case had a relatively high purchase price in relation to the jurisdictional threshold ($50,895), was less than a year old at the time of first repair (purchased on May 12, 2023 with first repair in December of 2023), and had only 6,780 miles on the odometer, this case is not a close call as to whether Defendant was on sufficient notice that the amount in controversy met the jurisdictional minimum. See, e.g., Ward v. Ford Motor Co., 2022 WL 2057501, at *2 (C.D. Cal. May 6, 2022) ("At least where a plaintiff alleges a lemon law claim seeking the statutory penalty arising out of the purchase of a vehicle that is approximately one year old, and seeks attorneys' fees, a complaint provides sufficient notice of removability as long as the value of the vehicle approaches $25,000.00.") (quoting McDaniel v. Ford Motor Company, No. CV 22-2431 PA (ASx), at 4 (C.D. Cal. April 21, 2022)).

Finally, Defendant contends that Plaintiff's request for civil penalties should not be considered in the amount in controversy.[5] (Dkt. 14 at 18.) However, "[t]he Ninth Circuit routinely considers civil penalties when deciding whether the amount-in-controversy requirement has been satisfied, including in Song-Beverly cases." Wang v. FCA US LLC, 2025 WL 1218745, at *2 (C.D. Cal. Apr. 28, 2025) (citing Babasa v. LensCrafters, Inc., 498 F.3d 972, 974 (9th Cir. 2007); Morey v. Louis Vuitton North Am., Inc., 561 F. App'x 642, 643 (9th Cir. 2011)). Here, Plaintiff clearly alleges that Defendant's conduct was willful and therefore seeks civil penalties of up to two times the amount of actual damages. (Dkt. 10-3 at 6-9.) Defendant contends that other courts have required defendants to proffer evidence to support the consideration of civil penalties as part of the amount in controversy.

---

[5] Defendant once again incorrectly invokes the "unequivocally clear and certain" test from Dietrich to argue that the Complaint is "[i]ndeterminate" as to civil penalties. (Dkt. 14 at 18.)

13

(Dkt. 14 at 19 (citing Pulver v. Nissan North America, Inc., 2025 WL 1766529, at *15 (C.D. Cal. June 25, 2025); Crescencio v. Ford Motor Co., 2025 WL 1122096, at *4 (C.D. Cal. Apr. 9, 2025)).)  However, in Pulver, the court actually rejected the argument that defendants must proffer evidence to support the likelihood of civil penalties for purposes of meeting the amount-in-controversy requirement.  See Pulver, 2025 WL 1766529, at *5 ("[I]t is appropriate to consider only the sufficiency of the allegations in a complaint in assessing whether a claim of willfulness should be used in determining whether the amount in controversy is satisfied.").

      By contrast, in Crescencio, the court found that the estimate of civil penalties in the complaint was uncertain because the actual damages alleged in the complaint were uncertain.  See Crescencio, 2025 WL 1122096, at *3.  However, the Crescencio court did not impose an evidentiary requirement before considering alleged civil penalties as part of the amount in controversy, and the court's finding that the actual damages were uncertain is distinguishable because the court applied the "unequivocally clear and certain" test from Dietrich which does not apply here.  See id. ("[T]he Court is guided primarily by the principles set forth by the Ninth Circuit in Dietrich and detailed above, which emphasize the requirement that the jurisdictional facts be 'unequivocally clear and certain' before the removal clock is triggered.").  Thus, the Court concludes that Plaintiff's request for civil penalties should be included in the amount in controversy.  See Wang, 2025 WL 1218745, at *2 ("To the extent that Plaintiffs cite cases in which other district courts refused to include civil penalties or attorneys' fees in the amount-in-controversy calculation absent some showing that those fees are likely to be awarded, the Court respectfully disagrees with those decisions and finds them inapposite.").[6]

---

[6] Because Defendant's own estimate of the amount in controversy totals nearly (cont'd . . .)

C. **Defendant's Removal Was Untimely.**

Because the Court concludes that the grounds for removal were set forth on the face of Plaintiff's Complaint, the Court must also conclude that Defendant's removal was untimely. "When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1253 (9th Cir. 2006). Here, Plaintiff effectuated service of the Complaint on April 4, 2025. (Dkt. 10-4.) Therefore, Defendant had until May 4, 2025 to remove the action. However, Defendant did not file the initial Notice of Removal until June 4, 2025. (Dkt. 1.) Accordingly, Defendant's Notice of Removal was untimely. See Solarte v. Nissan N. Am., Inc., 2023 WL 4624986, at *4 (C.D. Cal. July 19, 2023) ("Because it is clear from the face of the Complaint that diversity jurisdiction exists, Defendant was obligated, but failed, to remove this action within thirty days of being served with the Complaint. Accordingly, Defendant's removal was untimely, and remand is appropriate."); Ward, 2022 WL 2057501, at *2 ("Because Ford appears to have had sufficient notice that the amount-in-controversy requirement was met when it was served with the Complaint, its removal is untimely.").

---

$150,000 before considering attorneys' fees, (Dkt. 1 at 3-4), it is unnecessary to consider Defendant's argument that the Complaint is "[i]ndeterminate" as to attorneys' fees. (Dkt. 14 at 20.) Regardless, the Court notes that this argument once again incorrectly invokes the "unequivocally clear and certain" test from Dietrich which does not apply here. Moreover, the Court concludes that Plaintiff's request for attorneys' fees should be considered in the amount in controversy. See, e.g., Wang, 2025 WL 1218745, at *2 ("The Song-Beverly Act permits a successful plaintiff to recover reasonable attorneys' fees, so attorneys' fees must be included when calculating the amount in controversy here.") (citing Cal. Civ. Code § 1794(d)).

15

## VI.
## ORDER

Consistent with the foregoing, Plaintiff's Motion to Remand (Dkt. 10) is GRANTED. This action is REMANDED to the Los Angeles County Superior Court.

IT IS SO ORDERED.

DATED: August 16, 2025

_____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE